IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WALTER HAYNES
ADC #111110                                                                                        PETITIONER

VS.                                        5:08CV00248 JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                      RESPONDENT

## MEMORANDUM AND ORDER

### I.  Background

On September 4, 2008, Petitioner, Walter Haynes, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (Docket entry #2.) On November 4, 2008, Respondent filed a Motion to Dismiss for lack of subject-matter jurisdiction. (Docket entry #6.) Before addressing the merits of this Motion, the Court will review the relevant procedural history of this case.

On May 14, 1997, Petitioner was convicted in Union County Circuit Court of 2 counts of first-degree murder. *See State v. Haynes*, Union Co. Cir. Ct. No. CR-96-500. (Docket entry #7, Ex. 1.) He was sentenced to 480 months in the Arkansas Department of Correction. *Id.* Petitioner appealed his conviction to the Arkansas Court of Appeals, which affirmed on October 7, 1998. *Haynes v. State*, 1998 WL 712761 (Ark. App. Oct. 7, 1998) (unpublished decision).

On September 26, 2002, Petitioner filed a § 2254 habeas action in the Western District of Arkansas which challenged his state court conviction and sentence. *Haynes v. Norris*, W.D. Ark.

---

[1] The parties have consented in writing to proceedings before a United States Magistrate Judge. (Docket entry #8.)

No. 1:02CV01159 HFB at docket entry #1.[2]  On February 3, 2003, United States District Judge Harry F. Barnes entered an Order dismissing the action, with prejudice, because it was filed after the statute of limitations had expired.[3]  *Id.* at docket entry #15.  The Eighth Circuit Court of Appeals later affirmed Judge Barnes's decision.  *Haynes v. Norris*, 8th Cir. No. 03-1860 (unpublished slip op. Jun. 10, 2003).

As indicated earlier, Petitioner initiated this habeas action on September 4, 2008.[4]  (Docket entry #2.)  In his Petition, he attacks the same state-court conviction and sentence that was the subject of his prior habeas action in the Western District of Arkansas.[5]  (Docket entry #1 at 1.)  In his Motion to Dismiss, Respondent contends that the Petition should be dismissed, without prejudice, because Petitioner has not obtained permission from the Eighth Circuit Court of Appeals to proceed with a second or successive habeas petition.  (Docket entry #6.)

For the reasons discussed below, the Court concludes that this habeas action must be dismissed, without prejudice, so that Petitioner can seek to obtain the required authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition.  *See* 28 U.S.C. §

---

[2]Because Petitioner's habeas action in the Western District was *not* dismissed on jurisdictional grounds, it would appear that he was incarcerated in that district at the time he filed his Petition.

[3]The Order dismissing the Western District case can be found in the record as Exhibit 3 to docket entry #7.

[4]In 2007, Petitioner also initiated a habeas action challenging numerous prison disciplinary convictions.  *See Haynes v. Norris*, E.D. Ark. No. 5:07CV00221 SWW/JTR at docket entry #1.  Petitioner later voluntarily dismissed that action.  *Id.* at docket entry #15.

[5]Specifically, Petitioner argues: (1) there was no physical evidence that he committed the crime; (2) there was no corroborating evidence connecting him to the crime; (3) ineffective assistance of counsel; and misconduct by the prosecuting attorney.  (Docket entry #1.)

2244(b)(3)(A).

## II. Discussion

Habeas claims presented in a second or successive petition under § 2254 must be dismissed unless the petitioner can make a prima facie showing that satisfies the requirements of 28 U.S.C. § 2244(b)(2). However, the Eighth Circuit Court of Appeals, not the District Court, must decide if the petitioner has met the requisite statutory requirements. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate *court of appeals* for an order authorizing the district court to consider the application."). Thus, in order to file a successive habeas action in this Court, Petitioner must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Pennington v. Norris,* 257 F.3d 857, 858 (8th Cir. 2001) (explaining that a habeas petitioner must obtain authorization from the Eighth Circuit before he can raise a successive challenge to a state conviction).

## III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Respondent's Motion to Dismiss (docket entry #6) is GRANTED.

2. The Petition for a Writ of Habeas Corpus (docket entry #2) is DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek to obtain authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition.

Dated this 17th day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE